IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:10-20206-CV-MARTINEZ/BROWN

LORRENE DA SILVA FERREIRA and
ARLETE DA SILVA FERREIRA, individually
and on behalf of all others similarly situated,

        Plaintiffs,

vs.

EFG CAPITAL INTERNATIONAL CORP.
and EFG BANK f/k/a EFG PRIVATE BANK
SA,

        Defendants.

_____,

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT EFG CAPITAL INTERNATIONAL CORP.'S MOTION TO STAY DISCOVERY

Plaintiffs Lorrene Da Silva Ferreira and Arlete Da Silva Ferreira ("Plaintiffs"), on behalf of themselves and members of the Class as defined in the Plaintiffs' Class Action Complaint, file this response in opposition to the Motion to Stay Discovery and Supporting Memorandum of Law filed by Defendant EFG Capital International Corp. ("EFG Capital") and state:

### INTRODUCTION

EFG Capital has moved for a stay of discovery in this matter pending the Court's resolution of its motion to dismiss [D.E. 18], arguing that (1) a stay is automatically required by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), and (2) because EFG Capital has moved to dismiss the Plaintiffs' claims, under *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353 (11th Cir. 1997), this Court should order a stay of all

discovery. However, as set forth below, a stay of discovery is neither required nor warranted by the law or the facts of this case.

EFG Capital ignores the plain language of the PSLRA, which clearly states that the PSLRA applies only to claims asserted under the 1934 Securities Exchange Act. *See* 15 U.S.C. § 78u-4. Here, Plaintiffs have raised only tort-based claims arising under state law. Courts in this circuit and elsewhere have held that when state law claims are in federal court on diversity jurisdiction, the PSLRA does not apply. *See, e.g., Koock v. Sugar & Felsenthal, LLP*, No. 8:09-CV-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009); *Hillis v. Heineman*, No. CV-09-73-PHX-DGC, 2009 WL 798872, at *3 (D. Ariz. March 25, 2009).

Alternatively, EFG Capital asks this Court to exercise its judicial discretion to operate a stay of discovery. Such requests, which are disfavored, require a Court to conduct a "preliminary peek" at the merits of a motion to dismiss when the motion is the basis for the requested stay. *See Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). When the Court examines EFG Capital's motion to dismiss here, it will see that EFG Capital's primary arguments for dismissal are off-target and rely on EFG Capital's interpretation of the federal securities statutes, which do not apply to the claims asserted in this lawsuit.

EFG Capital's refusal to participate with even the minimal mandatory disclosures required by Fed. R. Civ. P. 26(a)(1)(A) and S.D. Fla. L.R. 16.1 is entirely unwarranted and is a telling indication of EFG Capital's attitude toward broader discovery issues. The Federal Rules do not provide for an automatic discovery stay while a motion to dismiss is pending, and they do not allow a party to engage in "self-help" by refusing mandatory disclosures before a stay Order is obtained. As such, EFG Capital should be made to comply with federal discovery rules and

2

with this Court's May 14, 2010 Order Setting Civil Trial Date and Pretrial Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge.

With respect to EFG Capital's request for phased discovery, this Court has already considered this request in the parties' Joint Scheduling Report and, as reflected in the Court's May 14, 2010 Order, the Court has determined that phased discovery is not necessary here.

## ARGUMENT

### I. THE PSLRA IS ENTIRELY INAPPLICABLE HERE.

EFG Capital has an interest in trying to convince the Court that this action brings disguised federal securities claims because that argument advances the theories raised in EFG Capital's motion to dismiss. Nevertheless, the Court should reject EFG Capital's position, as the federal securities laws do not apply to the state law claims raised here. As such, this case falls under neither the PSLRA nor the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb(f)(1) ("SLUSA").

**A. The PSLRA is limited on its face to claims made under the 1934 Securities Exchange Act and no such claims are asserted in this lawsuit.**

The PSLRA is contained in the Securities Exchange Act of 1934, codified at 15 U.S.C. § 78, *et seq.* The PSLRA states in its introductory paragraph that its provisions apply only "in each private action *arising under this chapter.*" 15 U.S.C. § 78u-4(a)(1) (emphasis added). As such, the PSLRA's stay provisions apply only to federal securities claims, not state law claims. *Koock*, 2009 WL 2579307, at *1 (denying motion to stay discovery under PSLRA and stating that the PSLRA does not apply to actions which allege state law claims only).[1] None of the

---

[1] *See also In re FirstEnergy Shareholder Derivative Litig.*, 219 F.R.D. 584, 586 (N.D. Ohio 2004) (finding the PSLRA's discovery stay inapplicable where plaintiff's state law claims were brought in federal court pursuant to diversity jurisdiction and not under federal securities laws).

3

Plaintiffs' claims are based on federal securities laws. As such, the PSLRA is wholly inapplicable. *Id.*; *Hillis*, 2009 WL 798872, at *2 (D. Ariz. Mar. 25, 2009) (same).

The decision in *Koock v. Sugar & Felsenthal, LLP* is instructive here. In *Koock*, the Defendant moved to stay discovery and argued that the Plaintiffs must bring their claims for negligence and negligent misrepresentation under the PSLRA. The Defendant argued that SLUSA denied Plaintiffs the right to use the class action device to litigate their state law claims. *Id.* at *1. The Middle District of Florida disagreed, holding that: "The PSLRA has no application to actions in which only state law claims are alleged. The PLSRA, by its terms, is limited to actions filed under the federal securities laws and does not apply outside of this context." *Id.* (denying defendant's motion to stay discovery pursuant to the PSLRA) (internal citations omitted). In fact, the Court specifically noted that it was "unpersuaded" by the Defendant's suggestion "that Plaintiffs' claims are securities law claims dressed up as tort actions." *Id.* at *2.

### B. The PSLRA's stay provisions do not apply to cases based on diversity jurisdiction when only state law claims are asserted.

Furthermore, the PSLRA's discovery stay does not apply to state law claims where a federal court's jurisdiction is based on diversity of citizenship. *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162, 167 (S.D.N.Y. 2001) (noting that the PSLRA has no application to actions in which only state law claims are alleged); *Hillis*, 2009 WL 798872, at *3 (finding that because plaintiffs did not assert claims under federal securities laws but rather constrained their suit to state law claims brought in federal court pursuant to diversity jurisdiction, plaintiffs' claims fell outside the PSLRA's stay of discovery.); *see also Benbow v. Aspen Tech., Inc.*, No. Civ. A 02-2881, 2003 WL 1873910, at *3 (E.D. La. Apr. 11, 2003) (noting that had plaintiffs chosen to forego filing a federal securities law claim and to proceed

4

solely with their state law claims, "the PSLRA, by its own terms, would not apply and there would be no automatic stay of discovery in this case.").

Indeed, the PSLRA's stay of discovery only applies to state law claims where such claims are pendent to a federal securities claim and even then, only when the state law claims are not distinct from the federal claim. *See, e.g., Spears v. Metro. Life Ins.*, No. 2:07-CV-00088-RL-PRC, 2007 WL 1468697 (N.D. Ind. May 17, 2007) (granting motion to stay discovery under PSLRA over plaintiffs' state law claims where the court's jurisdiction over such claims was based on supplemental jurisdiction arising from federal securities claims and where plaintiffs failed to demonstrate that the state law claims were distinct from their federal securities claims.). Such is not the case here, where the Plaintiffs have only raised state law claims and where the Court's jurisdiction over Plaintiffs' state law claims is based upon diversity jurisdiction.

Because Plaintiffs have not alleged any claims arising under federal securities laws or the 1934 Act, it is clear that the PSLRA's stay of discovery has no application here.

## II.     THE COURT SHOULD NOT ALLOW A STAY.

To justify a stay of discovery based upon its motion to dismiss, EFG Capital's motion to dismiss must be "clearly meritorious" and "truly case dispositive". *See Feldman*, 176 F.R.D. at 652-53. To prevail on a motion for a stay, EFG Capital must show that "good cause and reasonableness" support the requested stay. *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008). EFG Capital's motion to dismiss is not clearly meritorious. Furthermore, EFG Capital has failed to advance a reasonable justification for the requested stay. As such, no stay is warranted here.

**A. EFG Capital's motion to dismiss is not "clearly meritorious."**

Plaintiffs have vigorously challenged EFG Capital's motion to dismiss and its assertion that Plaintiffs' claims are preempted by SLUSA. As set forth in the Plaintiffs' response to EFG Capital's motion to dismiss [D.E. 28], in order for SLUSA to apply, the Plaintiffs' lawsuit would have to allege a misrepresentation or omission of a material fact in connection with the purchase or sale of a "covered security." 15 U.S.C. § 78bb(f)(1)(A). A "covered security," as expressly defined in SLUSA, means only those securities which are publicly traded or are eligible for trading on a national exchange. *Id.* § 78bb(f)(5)(E); *Id.* §77r(b). Federal registration is a prerequisite for trading on a national exchange. *Id.* § 77(e). The investments at issue in the Plaintiffs' Complaint were shares in the Fairfield Sentry Limited hedge fund – shares which were unregistered and not publicly traded. Thus this lawsuit does not involve "covered securities" as required by SLUSA. As such, SLUSA, like the PSLRA, is inapplicable on its face.

This case can be distinguished from *Spencer v. Wachovia Bank, N.A.*, No. 05-81016CIV, 2006 WL 3408043 (S.D. Fla. May 10, 2006), which EFG Capital relies upon for support in its request for a stay and in its motion to dismiss. In that case, the Plaintiffs did not contest that the investments at issue qualified as "covered securities" under SLUSA – a fact which the district court noted in its decision. *Id.* at *3. Here, in contrast, the Plaintiffs have strenuously contested that the investments at issue in the Plaintiffs' lawsuit involve "covered securities."[2] Accordingly, the court's "preliminary peek" into the merits of EFG Capital's motion to dismiss

---

[2] As noted in Plaintiffs' response to EFG Capital's Motion to Dismiss, the decision in *Spencer* has been distinguished by the Southern District of New York in *Pension Committee of University of Montreal Pension Plan v. Banc of America Securities, LLC*, No. 05-civ-9016, 2010 WL 246964 (S.D.N.Y. Feb. 16, 2010) (holding that SLUSA did not preempt Plaintiffs' state law claims where Plaintiffs had invested in a hedge fund, which was not a covered security.)

and the Plaintiffs' response thereto will reveal a heavily contested issue of law with respect to whether the requirements of SLUSA have been met.

In addition, Plaintiffs have raised substantial arguments to defeat the remaining theories for dismissal set forth in EFG Capital's motion to dismiss. Therefore, there is a good reason to question whether EFG Capital will prevail on its motion to dismiss. A stay of discovery under these circumstances is not appropriate. *See S.K.Y. Mgmt. LLC v. Greenshoe, Ltd.*, No. 06-21722-CIV, 2007 WL 201258, at *2 (S.D. Fla. Jan. 24, 2007) (denying motion to stay discovery where plaintiff made strong rebuttal arguments to defendant's legal defenses that may result in plaintiff's claims surviving a motion to dismiss.).

### B. *Chudasama* does not support the entry of a stay of discovery here.

EFG Capital relies on *Chudasama v. Mazda Morto Corporation*, 123 F.3d 1343 (11th Cir. 1997) for the proposition that a discovery stay should issue until its motion to dismiss is ruled upon. *Chudasama* does not support EFG Capital's position.

Notably, *Chudasama* involved a fraud claim which was "novel," of "questionable validity," and "dubious," and which "substantially widened the scope of discovery." *See Chudasama*, 123 F. 3d at 1359 n. 12, 1368, 1369 n. 39. The *Chudasama* Court, on those facts, found that a stay of discovery was appropriate while the validity of that dubious, questionable claim was a pending issue. *Id.* Courts within the Eleventh Circuit have interpreted the *Chudasama* opinion to mean that where the plaintiff has presented a dubious claim which would unduly widen discovery, "a district court should, if possible, endeavor to dispose of a questioned claim before discovery costs become excessive." *See In re Winn Dixie Stores, Inc. ERISA Litig.*, No. 3:04-cv-194-J-33MCR, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007) (noting *Chudasama* does not support a stay of discovery whenever a defendant files a motion to dismiss,

but, at most, supports a discovery stay "when an *especially dubious claim would unduly expand the scope of discovery*.") (emphasis added); *Koock*, 2009 WL 2579307, at *2 (stating that *Chudasama* does not establish the general rule that discovery should not proceed while a motion to dismiss is pending, but stands for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.)

Here, it can hardly be said that Plaintiffs' claims of breach of fiduciary duty, gross negligence, and unjust enrichment against EFG Capital are "especially dubious," where they are all based upon well-established causes of action under Florida law. In addition, EFG Capital cannot claim that discovery costs are becoming excessive, when at the time EFG Capital filed its Motion the Plaintiffs had yet to propound any discovery requests on EFG Capital.

Furthermore, *Chudasama* involved an instance in which the district court had unduly delayed in deciding a motion to dismiss (which had been pending for over a year and a half) and motions objecting to discovery, *and* where the discovery requests were found to be overbroad and vague. *See Gannon v. Flood*, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. March 24, 2008). In this case, EFG Capital's motion to dismiss was fully briefed on April 22, 2010 and discovery has only just begun. On facts such as these, courts in this district have found that a stay of discovery is not warranted. *See id.* (denying a stay of discovery where the motion to dismiss had only been pending for three weeks and where discovery had just begun); *and Bocciolone v. Solowsky*, 2008 WL 2906719, at *2 (denying defendants' motion to stay discovery where defendants' motion to dismiss, which had made a facial attack on each of plaintiffs' claims, had only been pending for six weeks).

### III. DISCOVERY SHOULD NOT BE CONDUCTED IN PHASES.

Finally, EFG Capital asks this Court to bifurcate discovery and claims that phased discovery is appropriate. In considering requests to bifurcate discovery at the pre-certification stage, district courts must "balance the need to promote effective case management, the need to prevent potential abuse, and the need to protect the rights of all parties." *Hubbard v. Potter*, No. 03-CV-1062, 2007 WL 604949, at * 1 (D.D.C. Feb. 22, 2007). A bifurcation of discovery in this case would not promote fairness and efficiency, but would likely result in additional disputes and delays because the Court may be forced to spend time and resources resolving discovery disputes over what is 'merit' discovery as opposed to 'class discovery'. Bifurcated discovery may also enable the Defendants in this matter to deny Plaintiffs access to damaging documents, including evidence bearing on class certification, by arguing that the information goes to the 'merits' of the case as opposed to 'class issues'.

Here, Plaintiffs submit that the class certification and merit evidence is closely intertwined and, as such, allowing concurrent discovery to proceed would not substantially broaden the scope of the Plaintiffs' discovery requests. Indeed, concurrent discovery is more efficient when bifurcation "would result in significant duplication of effort and expense to the parties." *See id.* at 174. (denying defendants' motion for bifurcated discovery and noting that bifurcated discovery would delay the proceedings and the resolution of the case.); *see also Gonzalez v. Texaco, Inc.*, No. C 06-02820, 2007 WL 661914, at * 2 (N.D. Cal. Feb. 28, 2007) (noting that phased discovery will likely result in increased costs for all parties involved.); *and In re Vitamin C Antitrust Litig.*, 237 F.R.D. 35, 38 (E.D.N.Y. 2006) (denying motion for stay of discovery or for entry of phased discovery order and noting that there is no reason why the parties cannot conduct class certification and merits discovery at the same time.)

EFG Capital claims in its Motion that phased discovery is appropriate under *Vega v. T-Mobile USA, Inc.*, 564 F. 3d 1256 (11th Cir. 2009). However, the facts of *Vega* and the procedural posture of that case are substantially different to this action. In *Vega*, the Eleventh Circuit considered whether the district court abused its discretion in ruling on a motion for class certification – which the plaintiffs filed after the close of discovery. *Id.* at 1279. EFG Capital appears to suggest that, without phased discovery, this Court, like the district court in *Vega*, will "needlessly intertwine" the merits of the case with class certification issues. EFG Capital's argument, then, is essentially that this Court will not properly review a class certification motion if any merits discovery has been conducted. This proposition reveals little faith in the Court.[3]

In addition, the *Vega* decision makes no mention of when phased discovery is appropriate, but notes that the district court had delayed ruling on the class certification decision until shortly before trial and suggests that the plaintiffs should have submitted a "feasible trial plan" when seeking class certification. *Id.* at 1279, n. 21. Here, Plaintiffs did submit a feasible trial plan in the parties' Joint Scheduling Report, which the Court considered prior to entering its May 14, 2010 Order, which does not require phased discovery. Moreover, the concerns in *Vega* are not present here, where Plaintiffs cannot wait until the close of discovery to move for class certification, as the May 14, 2010 Order requires class certification motions be filed by August 30, 2010, nearly four months before the close of discovery.

Accordingly, phased discovery is neither warranted nor appropriate here.

---

[3] Moreover, the *Vega* decision has been distinguished by cases within this circuit. *See, e.g., Napoles-Arcila v. Pero Family Farms, LLC*, No. 08-80779-CIV, 2009 WL 1585970, at *4 (S.D. Fla. June 4, 2009) (noting that the court "can and should consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied").

## CONCLUSION

For the reasons set forth above, the Plaintiffs respectfully request that the Court deny EFG Capital's Motion for Stay of Discovery and order EFG Capital to comply with its Rule 26(a) mandatory disclosures and with this Court's May 14, 2010 Order.

Dated: May 27, 2010                                                                    Respectfully submitted,

COHEN KINNE VALICENTE & COOK LLP
*Co-counsel for Plaintiffs*
28 North Street, 3rd Floor
Pittsfield, MA 01201
Telephone: (413) 443-9399
Facsimile: (413) 553-0331
KEVIN M. KINNE
Massachusetts Bar No. 559004
Kkinne@cohenkinne.com

DANIEL R. SOLIN, ESQ.
*Co-counsel for Plaintiffs*
401 Broadway, Ste. 306
New York, N.Y. 10013-3005
Telephone: (239) 949-1606
Facsimile: (239) 236-1381
New York Bar No. 8675
dansolin@yahoo.com

LEVINE KELLOGG LEHMAN
SCHNEIDER + GROSSMAN LLP
*Attorneys for Plaintiffs*
201 So. Biscayne Boulevard
Miami Center, 34th Floor
Miami, FL 33131
Telephone: (305) 403-8788
Facsimile: (305) 403-8789

By   /s/ Amanda Star Frazer
LAWRENCE A. KELLOGG, P.A.
Florida Bar No. 328601
lak@lkllaw.com
JEFFREY C. SCHNEIDER, P.A.
Florida Bar No. 933244
jcs@lkllaw.com
JASON KELLOGG, ESQ.
Florida Bar No. 0578401
jk@lkllaw.com
AMANDA STAR FRAZER, ESQ.
Florida Bar No. 0043921
afrazer@lkllaw.com

CASE NO. 1:10-20206-CV-MARTINEZ/BROWN

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **May 27, 2010,** I have filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By  /s/ Amanda Star Frazer
AMANDA STAR FRAZER, ESQ.

CASE NO. 1:10-20206-CV-MARTINEZ/BROWN

## SERVICE LIST

**Joseph C. Coates, III, Esq.**
CoatesJ@gtlaw.com
**Jon A. Jacobson, Esq.**
JacobsonJ@gtlaw.com
**Lauren Whetstone, Esq.**
WhetstoneL@gtlaw.com
GREENBERG TRAURIG, P.A.
*Counsel for Defendant EFG Capital*
*International Corp.*
777 South Flagler Drive, Third Floor East
West Palm Beach, FL 33401
Telephone: (561) 650-7900
Facsimile: (561) 655-6222

**Tracy A. Nichols, Esq.**
tracy.nichols@hklaw.com
**Tiffani G. Lee, Esq.**
tiffani.lee@hklaw.com
**Brian A. Briz, Esq.**
brian.briz@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
Telephone: 305-374-8500
Facsimile: 305-789-7799
*Counsel for Defendant EFG Bank*
*f/k/a EFG Private Bank SA*

**Kevin M. Kinne, Esq.**
Kkinne@cohenkinne.com
COHEN KINNE VALICENTE & COOK LLP
*Co-counsel for Plaintiffs*
28 North Street, 3rd Floor
Pittsfield, MA 01201
Telephone: (413) 443-9399
Facsimile: (413) 553-0331

**Daniel R. Solin, Esq.**
dansolin@yahoo.com
*Co-counsel for Plaintiffs*
401 Broadway, Ste. 306
New York, N.Y. 10013-3005
Telephone: (239) 949-1606
Facsimile: (239) 236-1381